# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DILLMAN, et al. | Case No. 1:13-cv-00404-LJO-SKO |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' EX PARTE MOTION AND MODIFYING THE SCHEDULING ORDER TO ALLOW PLAINTIFFS A 30 DAY EXTENSION OF TIME TO FILE EITHER A STIPULATION OR A MOTION TO AMEND THE COMPLAINT** |
| v. | |
| TUOLUMNE COUNTY, et al., | |
| Defendants. | |
| | (Docket No. 31) |

## I. INTRODUCTION

On November 19, 2013, Plaintiffs Michael Dillman and Stephanie Dillman ("Plaintiffs") filed an ex parte application to extend the time for Plaintiffs to file their Third Amended Complaint. (Doc. 31.) On November 21, 2013, Defendants Tuolumne County ("County") and Deputy David Vasquez ("Vasquez," collective "Defendants") filed an opposition. (Doc. 33.)

For the reasons set forth below, Plaintiffs' ex parte application is GRANTED and the scheduling order shall be modified to extend the time by thirty (30) days to allow Plaintiffs to file a stipulated amended complaint or a motion to amend the complaint.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiffs' first amended complaint was filed in the Tuolumne County Superior Court on February 13, 2013, and removed to this Court on March 18, 2013. (Doc. 1.) Defendants filed a

motion to dismiss on March 19, 2013, which was granted in part and denied in part on May 7, 2013. (Docs. 9, 14.)

On May 24, 2013, Plaintiffs filed a second amended complaint. (Doc. 15.) On June 10, 2013, County filed a motion to dismiss and Vasquez filed an answer. (Docs. 16, 17.) On July 23, 2013, the Court granted County's motion without leave to amend as to Plaintiffs' claims arising under 42 U.S.C. § 1983, and denied the motion as to the claims arising under California's Bane Civil Rights Act, Cal. Civ. Code § 52.1. (Doc. 24.)

A scheduling conference was held on September 24, 2013, before Magistrate Judge Sheila K. Oberto, during which the parties addressed the issue of Plaintiffs' request to file a third amended complaint. (Doc. 29.) On September 30, 2013, the Court issued a scheduling order that set forth the following requirements regarding amendments to the parties' pleadings:

> The parties have agreed that Plaintiffs may amend the complaint to add additional facts. As such, by no later than November 22, 2013, the parties shall file a stipulation requesting leave to amend to add those facts, and any proposed amended complaint shall comply with the Court's prior rulings in this action.
>
> Further, Plaintiffs indicated that they will be seeking to add additional defendants. If the parties agree to this amendment, the additional defendants shall be included in the stipulation amending the complaint to add the additional facts which shall be filed by no later than November 22, 2013. If the parties do not agree to the allow Plaintiffs to amend the complaint to add additional defendants, any motions requesting leave to amend the pleadings must also be filed by no later than November 22, 2013.
>
> The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings by November 22, 2013, does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

(Doc. 30, 3:9-26.)

On November 19, 2013, Plaintiffs filed an ex parte application to extend time to file their third amended complaint, which Defendants opposed on November 21, 2013. (Docs. 31, 33.)

///

///

### III. DISCUSSION

Plaintiffs' ex parte application is essentially seeking to modify the Court's September 30, 2013, scheduling order to allow Plaintiffs a thirty (30) day extension of time to file either an amended complaint or a motion to amend the complaint. Pursuant to the scheduling order, Plaintiffs' amended complaint or motion to amend was to have been filed by no later than November 22, 2013. (Doc. 30, 3:9-18.) Plaintiffs' ex parte application seeks to modify the scheduling order and allow an additional thirty (30) days for Plaintiffs to file their amended pleading or motion to amend. (Doc. 31.)

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citation and quotation marks omitted).

Here, the Court finds that Plaintiffs have been diligent. Plaintiffs are seeking to amend the complaint to add Doe Defendants, and indicate that they believed those names would be disclosed by Defendants in their Rule 26(a)(1) initial disclosures. (Doc. 31, 2:21-23.) The initial disclosures were ordered to be completed on or before October 31, 2013, (Doc. 30, 4:3), and names of the Doe Defendants were not disclosed. (Doc. 31, 2:22.) Defendants indicate that such disclosure was not required. (Doc. 33, 8:24-25.) Plaintiffs subsequently propounded discovery to learn the identities of the Doe Defendants. (Doc. 31, 2:19-20.)

Defendants contend that Plaintiffs failed to act diligently by waiting to propound discovery in this action. (Doc. 33, 4:21-5:5.) However, since this case's removal from Tuolumne County Superior Court on March 18, 2013, there were two motions to dismiss pending, which were not resolved until July 23, 2013. (Docs. 9, 16, 24.) Further, the scheduling order was not issued until September 30, 2013. (Doc. 30.) As such, discovery in this action did not open until that time, and

3

the parties were precluded from propounding discovery requests. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.")  Therefore, Plaintiffs' propounding of discovery requests seeking the identities of the Doe Defendants within less than two months of discovery being opened in this action, and less than one month after realizing that the Doe Defendants would not be identified in the initial disclosures, is diligent.

The Court also considers the factors of prejudice to the opposing party, bad faith, and futility, *Foman*, 371 U.S. at 182, and finds that these do not currently weigh against Plaintiff's ex parte application.

As such, Plaintiffs' ex parte application for a thirty (30) day extension of time is GRANTED. The Court notes, however, that the Court's September 30, 2013, scheduling order did not find that Plaintiffs could file a third amended complaint as a matter of right. (Doc. 30, 3:8-26.) Instead, the scheduling order stated that the parties may file a stipulation requesting leave to amend the complaint to add additional facts, and that if the parties agreed to amend the complaint to add the additional Doe Defendants, the additional Doe Defendants should be included in the stipulation. (Doc. 30, 13-16.)  However, if the parties did not agree to allow Plaintiffs to amend the complaint to add the Doe Defendants, then Plaintiffs were ordered to file a motion requesting leave to amend the pleadings. (Doc. 30. 3:16-18.)

Plaintiffs' ex parte application for a thirty (30) day extension of time is GRANTED. Plaintiffs shall file either a stipulated amended complaint or a motion to amend by no later than December 23, 2013.[1]

### IV.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex parte application for a thirty (30) day extension of time is GRANTED; and

---

[1] The parties are encouraged to meet and confer and work together to attempt to resolve any disputes that arise regarding the amendment of the complaint. Frankly, the Court finds it perplexing that the parties were unable to reach a stipulation that resolved the issues raised in the instant ex parte application.

2. Plaintiffs shall file either a stipulated amended complaint or a motion to amend by no later than December 23, 2013.

IT IS SO ORDERED.

Dated:   **November 27, 2013**                       **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE