# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

MICHAEL DILLMAN, et al.,

              Plaintiffs,

    v.

TUOLUMNE COUNTY, et al.,

           Defendants.

_____/

Case No.  1:13-cv-00404-LJO-SKO

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT**

(Docket No. 37)

## I.   INTRODUCTION

On December 23, 2013, Plaintiffs Michael Dillman and Stephen Dillman ("Plaintiffs")
filed a "Motion for Leave to File a Third Amended Complaint." (Doc. 37.)  On January 7, 2014,
Defendants Tuolumne County ("County") and Deputy David Vasquez ("Vasquez," collectively
"Defendants") filed an opposition.  (Doc. 41.)  Plaintiffs filed a reply on January 15, 2014.  (Doc.
42.)  The Court reviewed the parties' briefs and all supporting materials, and finds this matter
suitable for decision without oral argument pursuant to the U.S. District Court for the Eastern
District of California's Local Rule 230(g).  As such, the hearing set for January 22, 2014, is
VACATED.

For the reasons set forth below, Plaintiffs' "Motion for Leave to File a Third Amended
Complaint" is GRANTED.

## II.   BACKGROUND

**A.    Factual Background[1]**

Plaintiffs allege that on September 18, 2011, Plaintiff Pastor Michael Dillman, after conducting Sunday morning service at his church in Manteca, California, and his son, Plaintiff Stephen Dillman, drove to Lake Donnell in Tuolumne County, California, to go fishing. (SAC ¶ 10.)  As was their custom and practice over the years, Plaintiffs placed their own motor on a thirteen-foot Valco aluminum boat at Lake Donnell.  (SAC ¶ 11.)  There was no registration, insignia, or identification on the boat.  *Id*.  According to Plaintiffs, for the last thirty years they and other fisherman have left aluminum boats moored at Lake Donnell.  *Id*.  It has been common practice to pack in one's own motor, place it on one of the moored boats, take the boat fishing, and then return the boat to the dock. *Id*.  In fact, in or around 2010, Michael Dillman purchased an aluminum boat identical to the boat Plaintiffs used on September 18, 2011, and left that boat at Lake Donnell for his own use and for use by other fishermen.  *Id*.  Two aluminum boats purchased by Plaintiffs are moored currently at Lake Donnell.  *Id*.

While Plaintiffs were out on Lake Donnell on September 18, 2011, an employee of Tri-Dam Project, the entity that operates the facility at Lake Donnell, called the Tuolumne County Sheriff's Department to report seeing two unidentified men place a motor on an aluminum boat that allegedly belonged to Tri-Dam Project.  (SAC ¶ 12.)  The men then took the boat out fishing.  *Id*.  The Tri-Dam Project employee viewed these events on surveillance cameras at Lake Donnell.  *Id*.

After returning from fishing, Plaintiffs were met by Defendant Tuolumne County Sheriff's Deputy David Vasquez, who ordered them up a ladder at the dam facility and informed them they were under arrest for joyriding in a boat, trespass, and vandalism.  (SAC ¶ 13.)  Defendant Vasquez then handcuffed Plaintiffs with their hands behind their backs, in a "high, tight and painful manner."  *Id*. Michael Dillman explained to Deputy Vasquez that he was a pastor and community leader, and that he was unarmed and posed no threat to him.  *Id*.  Michael Dillman also explained to Deputy Vasquez that he was a Vietnam War veteran and suffered from Post-Traumatic Stress Disorder ("PTSD") and

---

[1] The factual background is taken from the summary of Plaintiffs' factual allegations set forth in the Court's order of July 23, 2013, on Defendants' motion to dismiss (Doc. 24) and is based on Plaintiffs' Second Amended Complaint ("SAC").  (Doc. 15.)

extreme claustrophobia.  *Id.*  At the time of the incident, Michael Dillman was 63 and suffered from arthritic shoulder pain, which was exacerbated by the high and tight handcuff placement behind his back.  *Id.*  Upon being cuffed, he began to feel pain immediately, which escalated to "an excruciating level." *Id.*

Michael Dillman pled with Deputy Vasquez to cite and release him and his son and to refrain from placing them into the back of the police vehicle with their arms cuffed behind their backs.  (SAC ¶ 14.)  Michael Dillman told Deputy Vasquez that he feared if he was placed in such a position in the back of a vehicle with the windows rolled up, he would suffer a PTSD episode.  *Id.*  He pled with Deputy Vasquez to loosen the cuffs to reduce the pain or to cuff him in front and to crack the window in the back of the vehicle so he could get air.  *Id*.  Deputy Vasquez finally agreed to "double cuff" Michael Dillman.  *Id.*  However, Michael Dillman's hands remained behind his back and the cuffs were extremely tight on his wrists.  *Id*.

Plaintiffs were "shoved" into the back of Deputy Vasquez's vehicle and immediately transported to the Tuolumne County Jail in Sonora, California, over an hour drive from Lake Donnell.  (SAC ¶ 15.)  A portion of the drive was on a bumpy road, and both men were cuffed behind their backs in an extremely painful manner.  *Id*.  Plaintiff Michael Dillman continued to plead with Deputy Vasquez to crack the window and loosen his handcuffs.  *Id*.  Instead of doing so, Deputy Vasquez cursed Michael Dillman and threatened to "hog tie his ass!"  *Id*.  Michael Dillman then suffered a "PTSD episode" during the transport to the Tuolumne County Jail.  *Id*.

When Plaintiffs arrived at the Tuolumne County Jail they were cursed and humiliated by Tuolumne County Sheriff's Department personnel.  (SAC ¶ 17.)  Michael Dillman was then called a "psycho preacher" and was forced to completely undress in the presence of two female deputies, who openly commented on his nakedness.  *Id*.  Stephen Dillman was not strip-searched.  *Id*.  Michael Dillman was then separated from his son and placed naked in a small padded cell on cold concrete and given no way to cover his nakedness or protect himself from the cold.  *Id*.  After approximately two hours in that padded cell, Michael Dillman was returned to a holding cell with his son.  *Id*.

Plaintiffs were released from custody at approximately 1:00 a.m. on September 19, 2011.  (SAC ¶ 18.)  According to Plaintiffs, Jail personnel refused to return money that had been confiscated

from them during the booking process.  *Id*.  Instead, Plaintiffs were given a voucher card, which required them to wait until the banks opened in the morning before they could access any money. *Id*.

Tuolumne County chose to prosecute Plaintiffs, and a criminal jury trial commenced on February 6, 2012.  (SAC ¶ 19.)  Plaintiffs were acquitted of all charges.  *Id*.

Plaintiffs' SAC alleged causes of action for (1) violation of civil rights pursuant to 42 U.S.C. § 1983 against all Defendants, (2) violation of civil rights pursuant to California's Bane Civil Rights Act, Cal. Civ. Code § 52.1 against all Defendants, (3) battery against Vasquez, (4) intentional infliction of emotional distress against Vasquez and "Certain Yet to Be Named Individual Defendants," and (5) negligence against Vasquez and "Certain Yet to Be Named Individual Defendants." (Doc. 15.)

**B.      Procedural Background**

Plaintiffs' first amended complaint against Defendants and Does 1-25 was filed in the Tuolumne County Superior Court on February 13, 2013, and removed to this Court on March 18, 2013.  (Doc. 1.)  Defendants filed a motion to dismiss on March 19, 2013, which was granted in part and denied in part on May 7, 2013.  (Docs. 9, 14.)

On May 24, 2013, Plaintiffs filed the SAC.  (Doc. 15.)  On June 10, 2013, County filed a motion to dismiss and Vasquez filed an answer.  (Docs. 16, 17.)  On July 23, 2013, the Court granted County's motion without leave to amend as to Plaintiffs' claims arising under 42 U.S.C. § 1983, and denied the motion as to the claims arising under California's Bane Civil Rights Act, Cal. Civ. Code § 52.1.  (Doc. 24.)

A scheduling conference was held on September 24, 2013, before Magistrate Judge Sheila K. Oberto, during which the parties addressed the issue of Plaintiffs' request to file a third amended complaint.  (Doc. 29.)  On September 30, 2013, the Court issued a scheduling order that set forth the following requirements regarding amendments to the parties' pleadings:

> The parties have agreed that Plaintiffs may amend the complaint to add additional facts. As such, by no later than November 22, 2013, the parties shall file a stipulation requesting leave to amend to add those facts, and any proposed amended complaint shall comply with the Court's prior rulings in this action.
>
> Further, Plaintiffs indicated that they will be seeking to add additional defendants. If the parties agree to this amendment, the additional defendants shall be included

1   in the stipulation amending the complaint to add the additional facts which shall be
2   filed by no later than November 22, 2013. If the parties do not agree to the allow
    Plaintiffs to amend the complaint to add additional defendants, any motions
3   requesting leave to amend the pleadings must also be filed by no later than
    November 22, 2013.

4   The parties are advised that filing motions and/or stipulations requesting leave to
    amend the pleadings by November 22, 2013, does not reflect on the propriety of the
5   amendment or imply good cause to modify the existing schedule, if necessary. All
    proposed amendments must (A) be supported by good cause pursuant to Fed. R.
6   Civ. P. 16(b) if the amendment requires any modification to the existing schedule,
    *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and
7   (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not
    (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed
8   in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

9   (Doc. 30, 3:9-26.)

10      On November 19, 2013, Plaintiffs filed an ex parte application to extend time to file their

11  third amended complaint, which Defendants opposed on November 21, 2013.  (Docs. 31, 33.)  On

12  November 27, 2013, the Court granted Plaintiffs' ex parte application for an extension of time to

13  file a motion to amend and ordered that Plaintiffs either file a stipulated amended complaint or a

14  motion to amend by no later than December 23, 2013.  (Doc. 34.)

15      On December 23, 2013, Plaintiffs filed the instant motion to amend.  (Doc. 37.)  On

16  December 26, 2013, Plaintiffs filed the Declaration of Joseph L. Wright in Support of the Motion

17  to Amend, revising the proposed third amended complaint and removing certain identified Doe

18  Defendants.  (Doc. 39.)  Defendants filed an opposition on January 7, 2014, and Plaintiffs' reply

19  was filed on January 15, 2014.  (Docs. 41, 42.)

20                              **III.   DISCUSSION**

21      The Court issued a scheduling order on September 30, 2013, advising the parties that "[a]ll

22  proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if

23  the amendment requires any modification to the existing schedule,  . . . and (B) establish, under

24  Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the

25  product of undue delay, (3) proposed in bad faith, or (4) futile."  (Doc. 30, 3:19-26 (citations

26  omitted).)

27

28

                                    5

Here, Plaintiff is seeking to file a third amended complaint that (1) adds additional facts, and (2) identifies and adds Doe Defendants 1-5 as Paul Harrison, Kim Quincy, Eric Roberts, Amanda Roos, and Troy Silva (collectively, "Identified Doe Defendants").   (Docs. 37, 39.) Defendants do not oppose the addition of the facts, but oppose amending the complaint to add the Identified Doe Defendants.  (Doc. 41.)

**A.**    **Plaintiffs Exhibited Diligence and Good Cause as Required under Federal Rule of Civil Procedure 16(b)**

  **1.** **Legal Standard**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions.  Fed. R. Civ. P. 16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.  *Johnson*, 975 F.2d at 609.  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id*. (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  "If [the] party was not diligent, the inquiry should end."  *Johnson*, 975 F.2d at 609.  If the court finds that there is good cause to modify the schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted.  *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to

Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

### 2.    Analysis

As a scheduling order was issued in this action (Doc. 30), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Whether good cause exists to modify a scheduling order rests on whether the party seeking the modification has been diligent. *See Johnson*, 975 F.2d at 609.

Here, Plaintiffs do not request a modification to the schedule. (Doc. 37.)  Pursuant to the September 30, 2013, scheduling order, the non-expert discovery deadline is September 19, 2014, the expert disclosure deadline is September 26, 2014, the supplemental expert disclosure deadline is October 10, 2014, and the expert discovery deadline is November 14, 2014.  (Doc. 30.)  As such, there are nearly eight (8) months remaining until the first discovery deadline for non-expert discovery.  However, as Defendants rightly contend, the newly Identified Doe Defendants have not yet been served, may have different defense counsel, and may require additional time for discovery.  Thus, although Plaintiffs have not requested that the Court modify the scheduling order, allowing Plaintiffs to add the Identified Doe Defendants may require modification.

As such, the Court must consider whether Plaintiffs have been diligent in seeking to amend the complaint. *Johnson*, 975 F.2d at 609.  The Court has previously considered the issue of Plaintiffs' diligence, and determined that Plaintiffs were diligent. (Doc. 34, 3:17.)  In granting the Plaintiffs' ex parte application to modify the scheduling order to allow Plaintiffs an extension of time to file the instant motion to amend the complaint, the Court found that:

> Plaintiffs have been diligent.  Plaintiffs are seeking to amend the complaint to add Doe Defendants, and indicate that they believed those names would be disclosed by Defendants in their Rule 26(a)(1) initial disclosures.  (Doc. 31, 2:21-23.)  The initial disclosures were ordered to be completed on or before October 31, 2013, (Doc. 30, 4:3), and names of the Doe Defendants were not disclosed.  (Doc. 31, 2:22.)  Defendants indicate that such disclosure was not required.  (Doc. 33, 8:24-25.)  Plaintiffs subsequently propounded discovery to learn the identities of the Doe Defendants.  (Doc. 31, 2:19-20.)
>
> Defendants contend that Plaintiffs failed to act diligently by waiting to propound discovery in this action.  (Doc. 33, 4:21-5:5.)  However, since this case's removal from Tuolumne County Superior Court on March 18, 2013, there were two motions to dismiss pending, which were not resolved until July 23, 2013.  (Docs. 9, 16, 24.)

Further, the scheduling order was not issued until September 30, 2013.  (Doc. 30.)
As such, discovery in this action did not open until that time, and the parties were
precluded from propounding discovery requests.  Fed. R. Civ. P. 26(d)(1) ("A party
may not seek discovery from any source before the parties have conferred as
required by Rule 26(f), except in a proceeding exempted from initial disclosure
under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by
court order.")  Therefore, Plaintiffs' propounding of discovery requests seeking the
identities of the Doe Defendants within less than two months of discovery being
opened in this action, and less than one month after realizing that the Doe
Defendants would not be identified in the initial disclosures, is diligent.

(Doc. 34, 3:17-4:7.)

As the Court previously determined, Plaintiffs were precluded from propounding discovery requests until discovery opened in this action, and they propounded discovery requests within less than two months of discovery being opened and less than one month after determining that the Doe Defendants were not identified in Defendants' initial disclosures.  (Doc. 34, 4:4-7.)  As such, Plaintiffs did not delay in bringing discovery requests seeking the identities of the Identified Doe Defendants and have been diligent in seeking to amend the complaint once the identities were discovered.

Plaintiffs have brought this motion within the time period authorized by the Court (*see* Doc. 34) and have been diligent in seeking the identities of the Doe Defendants and in moving to amend of the complaint.  As such, Plaintiffs show good cause to request amendment.  Thus the Court turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607.

**B.     Plaintiffs' Amendment is Warranted Under Federal Rule of Civil Procedure 15(a)**

**1.     Legal Standard**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the

consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); c*ontra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

**2.      Analysis**

Plaintiffs are seeking to amend the complaint to add additional facts and the Identified Doe Defendants. (Doc. 37.) Defendants do not oppose the addition of the facts, but oppose amending the complaint to add the additional defendants. (Doc. 41.) Defendants contend that they will be prejudiced by the amendment and Plaintiffs unduly delayed in seeking amendment.

**a.      Prejudice to the Opposing Parties**

As consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *Eminence Capital, LLC*, 316 F.3d at 1052. The existing Defendants contend that the proposed third amended complaint "will effectively add an entirely new set of claims, based on an entirely separate incident than that which is currently pending between the parties." (Doc. 41, 3:17-18.) Defendants assert that County and Vasquez are only potentially liable for the acts committed at the dam and in the police car, and that they have nothing to do with the allegations regarding misconduct at the jail. (Doc. 41, 3:18-21.) Defendants further assert that the newly named Defendants will also be prejudiced because they do not share similar interests as County and Vasquez and will require additional discovery.

Plaintiffs contend that Defendants were on notice from the beginning that there were unknown Doe Defendants that had yet to be ascertained and who were allegedly liable for the incident occurring at the jail. (Doc. 42, 4:9-11.) As such, Plaintiffs assert that existing Defendants cannot show that they will be prejudiced by the amendment.

While Defendants assert that Plaintiffs are seeking to add an entirely new set of claims based on a separate incident at the jail, as opposed the incidents at the dam and in the police car that are currently before the Court, Defendants have been on notice of these allegations.  Plaintiffs' prior complaints have set forth allegations regarding the incident at the jail, and alleged that there were "Certain Yet to Be Named Individual Defendants" who were allegedly liable for their actions at the jail.  (*See*, *e.g.*, Doc. 1, First Amended Complaint, pp. 6-39, ¶¶ 16, 17, 37, 38, 54, 55, 56, 59, 60, 64, 66; Doc. 15, Second Amended Complaint, ¶¶ 17, 18, 42, 43, 60, 61, 62, 63; Doc. 39.)  As such, Plaintiffs are not seeking to add "an entirely new set of claims," as Defendants contend, but are instead seeking to name the Doe Defendants whose identities were not know at the time of the filing of the complaint.

The Ninth Circuit has held that "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980) (quotation and citation marks omitted).   "A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant."  *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

In ruling on Defendants' motion to dismiss Plaintiffs' First Amended Complaint, this Court noted that "Defendants do not address the viability of the strip search-related constitutional claims against the Doe Defendants," but informed the parties that "Doe Defendants are permitted where federal question jurisdiction lies."  (Doc. 14, 24:6-7.)   Additionally, the Court cited *Wakefield*, 177 F.3d at 1163, and informed the parties that Plaintiffs "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities."  (Doc. 14, 24:8-10.)

Here, Plaintiffs have now ascertained the identities of the Doe Defendants and are seeking to name them in the complaint.  Although Defendants County and Vasquez may not be liable for the alleged actions brought against the Identified Doe Defendants, the allegations at the dam, in

the police car, and at the jail all arise from the same incident and set of circumstances -- Plaintiffs' arrest at the dam and subsequent transport and incarceration at the jail.  Further, both Plaintiffs' first and second amended complaints contained allegations concerning the Identified Doe Defendants and the incident at the jail.  Defendants have not shown how they would be prejudiced by defending against claims that have been identified in Plaintiffs' prior pleadings.

Rule 15 provides that leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a).  "Rule 15 reflects the limited role assigned to pleadings in federal court, which can be described as providing the parties involved with fair notice of the general nature and type of the pleader's claim or defense."  *Grier v. Brown*, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002) (citation and quotation marks omitted).  Here, Defendants had fair notice of the allegations against the Identified Doe Defendants (*see* Docs. 1, 15), and were aware that Plaintiffs were permitted to conduct discovery to ascertain the identities of the Doe Defendants.  (Doc. 14, 24:6-10.)  Further, the Ninth Circuit has held that it is an abuse of discretion for the district court to deny leave to amend when a complaint's deficiencies could be cured by naming the correct defendant.  *Crowley*, 734 F.3d at 978.   As such, Defendants' contention of prejudice lacks merit and does not support denying Plaintiffs' motion to amend.

### b.   Undue Delay

Defendants contend that Plaintiffs have failed to act diligently in seeking to identify the Doe Defendants and amendment should be denied due to Plaintiffs' undue delay.  (Doc. 41, 4:18-6:6.)    As discussed above, the Court previously found that Plaintiffs were diligent in propounding discovery requests regarding the identities of the Doe Defendants once the discovery period was opened in this action.  (*See* Doc. 34*.*)  Further, undue delay alone is insufficient to justify denial of a motion to amend.  *Bowles*, 198 F.3d at 758 (9th Cir. 1999).  As such, this factor does not weigh against granting Plaintiffs' motion.

Defendants do not contend that Plaintiffs acted in bad faith or that the proposed amendment would be futile, and the Court finds that these factors do not weigh against allowing Plaintiffs to amend the complaint.  *See Foman v. Davis*, 371 U.S. at 182.  Plaintiffs have thus shown that amendment is warranted under Rule 15(a).

1    **C.     Courts Have Discretion Under Rule 4(m) to Grant an Extension of Time to Serve**
2            **Complaint**

3          Defendants contend that the Plaintiffs failed to comply with Federal Rule of Procedure

4    4(m), and serve the Doe Defendants in a timely manner.  Defendants assert that the complaint

5    should not be amended to name the Doe Defendants.

6          Rule 4(m) states in pertinent part:

7          **Time Limit for Service.** If a defendant is not served within 120 days after the
           complaint is filed, the court--on motion or on its own after notice to the plaintiff--
8          must dismiss the action without prejudice against that defendant or order that
           service be made within a specified time. But if the plaintiff shows good cause for
9          the failure, the court must extend the time for service for an appropriate period.

10   Fed. R. Civ. P. 4(m).

11         The 120–day period for service of the summons and complaint applies to Doe defendants.

12   *See Morris v. Barra*, No. 10CV2642-AJB BGS, 2012 WL 1059908, at *2 (S.D. Cal. Mar. 28,

13   2012).  However, Rule 4(m) "*requires* the district court to grant an extension of time when the

14   plaintiff shows good cause for the delay" but "*permits* the district court to grant an extension even

15   in the absence of good cause."  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).  "On its

16   face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired.

17   Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the

18   complaint *after* that 120–day period."  *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

19         Here, Defendants assert that Plaintiffs should not be allowed to amend the complaint to

20   add the Identified Doe Defendants because the additional Defendants were not served within

21   120 days of the filing of the SAC on May 24, 2013.  (Doc. 41, 8:1-9:15.)  Defendants urge the

22   Court to deny Plaintiffs' motion, because "Plaintiffs cannot show good cause for their undue delay

23   in bringing the present motion, nor for their failure to comply with Rule 4(m)."  (Doc. 41, 9:2-4.)

24         As discussed above and previously decided by the Court, Plaintiffs did not unduly delay in

25   bringing the present motion and seeking to amend the pleadings.  (*See* Doc. 34.)  Once discovery

26   opened in this action, Plaintiffs timely sought the identities of the Doe Defendants.  Further, the

27   Court had previously informed the parties that Plaintiffs were permitted to conduct discovery to

28   ascertain the identities of the Doe Defendants.  (*See* Doc. 14, 24:6-10 ("Defendants do not address

1 the viability of the strip search-related constitutional claims against the Doe Defendants.   Doe

2 defendants are permitted where federal question jurisdiction exists.   *Wakefield v. Thompson*,

3 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that 'the plaintiff should be given an opportunity

4 through discovery to identify the unknown defendants, unless it is clear that discovery would not

5 uncover the identities').")   As Plaintiffs were diligent in seeking the identity of the Doe

6 Defendants, the Court has discretion to permit an extension of time under Rule 4(m) to allow

7 service of the Identified Doe Defendants.   *See Efaw*, 473 F.3d at 1040; *Mann*, 324 F.3d at 1090.

8 As such, Plaintiffs shall be permitted to effectuate service on the Identified Doe Defendants.

9 **D.      Plaintiffs' Proposed Amended Complaint**

10        Plaintiffs shall file their third amended complaint within two (2) days from the date of this

11 order.   The Court notes, however, that in several places Plaintiffs' proposed third amended

12 complaint refers to the Identified Doe Defendants as "Does 1 through 6" instead of by their names.

13 (*See*, *e.g.*, Doc. 39, pp. 8-22, ¶¶ 30, 49, 50, 52, 54, 55, 55f, prayer for relief no. 4).   Plaintiffs shall

14 revise the third amended complaint so that the Identified Doe Defendants are identified by their

15 actual names and not referred to as Does 1 through 6.

16                              **IV.    CONCLUSION AND ORDER**

17        Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

18        1.      The hearing on Plaintiffs' motion to amend scheduled for January 22, 2014, is

19                VACATED;

20        2.      Plaintiffs' "Motion for Leave to File a Third Amended Complaint" is GRANTED;

21        3.      Within two (2) days of the date of this order, Plaintiffs shall file a revised third

22                amended complaint that comports with the requirements set forth in this order;

23        4.      Plaintiffs are directed to procure summonses from the Clerk of the Court for the

24                newly Identified Doe Defendants;

25        5.      Plaintiffs shall serve the newly Identified Doe Defendants within forty-five (45)

26                days of the issuance of the summonses; and

27 //

28 //

6.      Defendants' responsive pleadings shall be due within the time period set forth under Federal Rule of Civil Procedure Rule 12.

IT IS SO ORDERED.

Dated:   **January 21, 2014**                        **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE