UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DILLMAN, an individual, and, STEPHEN DILLMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TUOLUMNE COUNTY, a political subdivision of the State of California; DEPUTY DAVID VASQUEZ, an individual, and DOES 1-25, inclusive,<br><br>Defendants. | 1:13-CV-00404 LJO SKO<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (DOC. 72) |

## I. INTRODUCTION

This case concerns the September 18, 2011 arrest of Plaintiffs Michael and Stephen Dillman for alleged "joyriding" and related offenses in connection with their use of a thirteen-foot aluminum fishing boat on Lake Donnell, in Tuolumne County. The Complaint was originally filed in the Superior Court for the County of Tuolumne on February 13, 2013, but was removed by Defendants on March 18, 2013 pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Doc. 1. Plaintiffs filed an amended complaint on March 24, 2013 (Doc. 45), a third amended complaint on January 23, 2014 (Doc. 47), and a fourth amended complaint ("FAC") on May 14, 2014. The FAC names as defendants Tuolumne County (the "County") and Tuolumne County Sheriff's Deputy David Vasquez ("Vasquez") (collectively, the "Defendants"), among others.

The FAC's first cause of action, brought under 42 U.S.C. § 1983 ("section 1983"), alleges that Defendants violated Plaintiffs' federal constitutional rights. The FAC also contains the following related state law claims:

- Violation of California's Bane Civil Rights Act, Cal. Civ. Code § 52.1, against all

      Defendants (Second Cause of Action);

- Battery (Third Cause of Action);
- Intentional Infliction of Emotional Distress against Defendant Vasquez and "all individually named Defendants" (Fourth Cause of Action); and
- Negligence against Defendant Vasquez and "all individually named Defendants" (Fifth Cause of Action).

FAC at 8-14.

On May 27, 2014, the County moved to dismiss all of Plaintiffs' claims against it. Doc. 72. Plaintiffs filed an opposition on June 18, 2014 (Doc. 75), to which the County replied on June 20, 2014. For the reasons discussed below, the Court DISMISSES the FAC as against the County.

## II. STANDARD OF DECISION

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id*. (quoting *Twombly*,

550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

**A.    Plaintiffs' First, Third, Fourth, and Fifth Causes of Action.**

Plaintiffs agree that the first, third, fourth, and fifth causes of action are not applicable to the County. In fact, the County is not named as a defendant in any of those causes of action.

**B.    Plaintiffs' Second Cause of Action**

The County moves to dismiss Plaintiffs' second cause of action on the ground that there are no facts alleged that are attributable to it. Plaintiffs concede that "[t]he omission of the names of Deputy Vasquez and [the County] in the Second Cause of Action in the Fourth Amended Complaint was a drafting error and plaintiffs seek leave to amend to insert said omitted defendants." Doc. 75 at 2.

Plaintiffs have had four chances thus far to state their alleged claims. The Court denies their request to be given yet another chance. As the Court previously indicated in its order dismissing in part Plaintiffs' third amended complaint with leave to amend, "[t]his will be the last permitted attempt to file a fully compliant amended complaint. This Court, bluntly, is beyond busy. It neither has the time to re-write complaints, nor does it have a duty in that regard." Doc. 69 at 19.

Because there are no factual allegations against the County, the County's motion has merit and is

1  therefore granted. For that reason, the Court need not address any of the other substantive issues raised

2  by the County. Accordingly, the Court DISMISSES the FAC as against the County WITHOUT LEAVE

3  TO AMEND. The Clerk of Court is ORDERED to enter judgment against Plaintiffs and in favor of the

4  County.

5  **SO ORDERED**
**Dated: June 23, 2014**

6                                        /s/ Lawrence J. O'Neill
                                **United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26