# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DILLMAN, et al., | Case No. 1:13-cv-00404-LJO-SKO |
| Plaintiffs, | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILING TO APPEAR AT SETTLEMENT CONFERENCE |
| v. | |
| TUOLUMNE COUNTY, et al., | DEADLINE: DECEMBER 12, 2014 |
| Defendants. | |

On September 30, 2013, an order issued setting a scheduling conference for December 2, 2014, before the undersigned. Plaintiffs' counsel Joseph Wright was present at the December 2, 2014 settlement conference with Plaintiffs Michael Dillman and Stephen Dillman. Defendants' counsel Lynn Garcia was present, however Defendants Marcus Green, Paul Harrison, Kim Quincy, Eric Roberts, Amanda Roos, Troy Silva, and David Vasquez did not appear.

The September 30, 2013 order provided that "[u]nless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms** at the conference." Scheduling Order 7:3-6, ECF No. 30 (emphasis in original). Defendants Marcus Green, Paul Harrison, Kim Quincy, Eric Roberts, Amanda Roos, Troy Silva, and David Vasquez did not appear for the settlement conference, nor did they request permission to be available by other means for purposes of settlement.

1

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  Failing to appear at the settlement conference wastes the Court's time and resources and wastes the parties' time and resources.

The failure of the Defendants Marcus Green, Paul Harrison, Kim Quincy, Eric Roberts, Amanda Roos, Troy Silva, and David Vasquez to appear at the settlement conference caused Plaintiffs Michael Dillman and Stephen Dillman to incur unnecessary costs and attorney's fees to prepare for and appear at the settlement conference unnecessarily.  Accordingly, the Court will order Defendants Marcus Green, Paul Harrison, Kim Quincy, Eric Roberts, Amanda Roos, Troy Silva, and David Vasquez to show cause why sanctions should not be imposed against them reimbursing Plaintiffs Michael Dillman and Stephen Dillman for such costs and attorney's fees.

Plaintiffs Michael Dillman and Stephen Dillman shall file a memorandum setting forth their reasonable costs and attorney's fees associated with preparing for and attending the December 2, 2014 settlement conference by **Monday, December 8, 2014**.[1]

Defendants shall file a written response to the Court's order to show cause no later than **Friday, December 12, 2014.**  The written response shall also incorporate any objections to Plaintiffs' memorandum of costs and attorney's fees.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants Marcus Green, Paul Harrison, Kim Quincy, Eric Roberts, Amanda Roos, Troy Silva, and David Vasquez shall SHOW CAUSE why sanctions should not be imposed against them for failing to appear at the settlement conference on December 2, 2014;

2. Plaintiffs Michael Dillman and Stephen Dillman shall file a memorandum setting forth their reasonable costs and attorney's fees associated with preparing for and attending the December 2, 2014 settlement conference by **Monday, December 8,**

---

[1] Such costs and fees shall be limited to those solely associated with attending the settlement conference, and shall not include costs and fees associated with preparing the confidential settlement statement.

**2014**; and

3. Defendants shall file a written response to the Court's order to show cause no later than **Friday, December 12, 2014**.

IT IS SO ORDERED.

Dated:   **December 2, 2014**

UNITED STATES MAGISTRATE JUDGE