1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9    MICHAEL DILLMAN, and STEPHEN            Case No.  1:13-cv-00404-SKO
     DILLMAN,
10                                           **ORDER ON DEFENDANT'S MOTIONS
                    Plaintiffs,              IN LIMINE AND SETTING BRIEFING
11                                           SCHEDULE**
           v.
12                                           (Doc. 113)

13

14   DEPUTY DAVID VASQUEZ,

                    Defendant.
15   _____/

16

17

18

19          On April 22, 2015, the Court conducted a hearing on Defendant's motions in limine

20   ("MILs").  (Doc. 113.)  Plaintiffs Michael Dillman and Stephen Dillman (collectively "Plaintiffs")

21   appeared through their counsel, Joseph L. Wright, Esq., and Defendant Deputy David Vasquez

22   ("Defendant") appeared through his counsel, James T. Anwyl, Esq., and Lynn A. Garcia, Esq.  As

23   set forth in open court at the April 22, 2015 hearing, the Court issues the following rulings on

24   Defendant's MILs and sets a briefing schedule on outstanding issues and whether the trial should

25   be bifurcated pursuant to Fed. R. Civ. P. 42.

26   **A.      Defendant's Motions in Limine**

27          On April 6, 2015, Defendant filed his MILs.  (Doc. 113.)  Plaintiffs filed their opposition

28   on April 13, 2015.  (Doc. 116.)  The Court rules as follows:

1.      **Defendant's MIL No. 1 -** The Court GRANTS Defendant's request to exclude evidence that Plaintiff Michael Dillman was declared disabled by the Department of Veterans Affairs.

  **2.      Defendant's MIL No. 2 -** The Court DENIES Defendant's request to exclude evidence of Plaintiff Michael Dillman's status as a minister.  Plaintiff Michael Dillman will not be precluded from stating his occupation for the jury, but absent the presentation of legal authority to the contrary, he will be referred to as "Mr. Dillman" during the trial.

  **3.      Defendant's MIL No. 3 -** The Court DEFERS RULING on Defendant's request to exclude evidence of the alleged "culture" of Tri-Dam with respect to the "public's" use of boats belonging to others without first obtaining permission of the owners.  Plaintiffs may testify to specific facts within their knowledge and to those facts they imparted to Defendant at the time of the arrest.

  **4.      Defendant's MIL No. 4 -** The Court GRANTS IN PART Defendant's request to exclude evidence of prior occasions upon which Plaintiffs had used boats belonging to others without first obtaining permission of the owners.  Plaintiffs may testify to specific facts within their knowledge and to those facts they imparted to Defendant at the time of the arrest.

  **5.      Defendant's MIL No. 5 -** The Court GRANTS Defendant's request to exclude evidence of Plaintiffs' contentions that they kept their own boat on the shores of the Tri-Dam reservoir, and that they did not care if others used their boat.

  **6.      Defendant's MIL No. 6 –** As Plaintiffs have stipulated this motion may be granted, the Court GRANTS Defendant's request to exclude evidence relating to any contention that Defendant should have cited and released Plaintiffs rather than effecting the citizen's arrest.

  **7.      Defendant's MIL No. 7 -** The Court GRANTS Defendant's request to exclude evidence that Plaintiffs allegedly "were not permitted to secure their camp site, their fishing equipment, their vehicle, or their motorcycle prior to being placed in the Sheriff's vehicle."

  **8.      Defendant's MIL No. 8 -** The Court GRANTS Defendant's request to exclude evidence of the December 7, 2011, letter allegedly written by Jeff Shields, General Manager of the South San Joaquin Irrigation District, to Deputy District Attorney John Hansen.

//

1      **9.      Defendant's MIL No. 9 -** The Court GRANTS Defendant's request to exclude

2   evidence of the disposition of any of the criminal charges which were filed against Plaintiffs.  So

3   long as the evidence complies with the Court's Pretrial Order, evidence of Plaintiffs' attorney's

4   fees incurred during the course of the criminal trial may be introduced as damages.

5      **10.      Defendant's MIL No. 10 -** As Plaintiffs have stipulated this motion may be

6   granted, the Court GRANTS Defendant's request to exclude evidence of any alleged events which

7   transpired at the jail after Defendant left Plaintiffs at the jail.

8      **11.      Defendant's MIL No. 11 -** As Plaintiffs have stipulated this motion may be

9   granted, the Court GRANTS Defendant's request to exclude evidence of the alleged "strip search"

10  to which Plaintiff Michael Dillman was subjected.

11     **12.      Defendant's MIL No. 12 -** As Plaintiffs have stipulated this motion may be

12  granted, the Court GRANTS Defendant's request to exclude evidence of Tuolumne County

13  Sheriff's Office Policy 902, regarding custodial searches.

14     **13.      Defendant's MIL No. 13 -** As Plaintiffs have stipulated this motion may be

15  granted, the Court GRANTS Defendant's request to exclude evidence of any alleged exposure of

16  Plaintiff Michael Dillman to Agent Orange.

17     **14.      Defendant's MIL No. 14 –** As Plaintiffs have stipulated this motion may be

18  granted, the Court GRANTS Defendant's request to exclude evidence of the letter allegedly

19  written by Plaintiff Michael Dillman to a Lieutenant in the Sheriff's Office, requesting a copy of

20  the results of an Internal Affairs investigation into Plaintiffs' complaints.

21     **15.      Defendant's MIL No. 15 -** The Court DEFERS RULING on Defendant's request

22  to exclude evidence of the contention that Plaintiff Michael Dillman suffers from Post-Traumatic

23  Stress Disorder ("PTSD").

24     **16.      Defendant's MIL No. 16 -** The Court GRANTS Defendant's request to exclude

25  lay witness testimony regarding the legal conclusion whether "excessive force" was used during

26  the detention and arrest of Plaintiffs.

27     **17.      Defendant's MIL No. 17 –** The Court GRANTS Defendant's request to exclude

28  evidence of any statements made by Lieutenant Rucklehaus, who is not listed as a witness by

Plaintiffs.

**B.      Briefing Schedule for Outstanding Issues**

      **1.      Plaintiff's Michael Dillman's Statement to Defendant that He Had PTSD**

During the motion in limine hearing, Defendant raised an additional objection to Plaintiff Michael Dillman testifying that at the time of the arrest he told Defendant that he had PTSD, as there is no listed expert witness to testify regarding the diagnosis and Michael Dillman's statement is therefore hearsay.  The Court ORDERS the parties to brief this issue as follows:

      a.      Defendant's motion shall be filed **by no later than Tuesday, April 28, 2015, at 12:00 p.m. (noon)**; and

      b.      Plaintiff's opposition brief shall be filed **by no later than Friday, May 1, 2015, at 12:00 p.m. (noon)**.

      **2.      Admissibility of Non-Expert Witness Testimony about Michael Dillman's Treatment for PTSD**

Plaintiffs stated that although not designated as expert witnesses, Plaintiffs' lay medical witnesses should be permitted to testify about Plaintiff Michael Dillman's treatment for PTSD through the Veterans' Administration prior to and/or following the incident.  The Court ORDERS the parties to brief this issue as follows:

      a.      Plaintiff's opening brief shall be filed **by no later than Tuesday, April 28, 2015, at 12:00 p.m. (noon)**,

      b.      Defendant's opposition brief shall be filed **by no later than Friday, May 1, 2015, at 12:00 p.m. (noon)**.

**C.      Briefing Schedule for Proposed Motion for Bifurcation**

During the motion in limine hearing, the Court raised the issue of bifurcation.  The Court ORDERS the parties to meet and confer on this issue, and should the parties disagree on bifurcating the liability and damages portions of the trial, the Court SETS the following briefing schedule:

      a.      The party requesting bifurcation shall file its opening brief **by no later than Tuesday, April 28, 2015, at 12:00 p.m. (noon)**,

1           b.     The party opposing bifurcation shall file its opposition brief **by no later**

2    **than Friday, May 1, 2015, at 12:00 p.m. (noon)**.

3    **D.**     **Opposition to Objections for Exhibits**

4         Concurrent with filing his Motions in Limine, Defendant filed Objections to Plaintiffs'

5    Exhibit List. (Doc. 114.)   No opposition was filed before the April 22, 2015, hearing.

6         The Court ORDERS Plaintiffs to file any opposition to Defendant's Objections **by no later**

7    **than Tuesday, April 28, 2015, at 12:00 p.m. (noon)**.

8         A hearing on all the outstanding issues is set for **Monday, May 4, 2014, at 4:00 p.m.**

9

10   IT IS SO ORDERED.

11      Dated:  **April 24, 2015**              **/s/ Sheila K. Oberto**

12                                         UNITED STATES MAGISTRATE JUDGE